**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-4076**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ROGER BRIAN FAUSNETT,

                    Defendant – Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas David Schroeder, District Judge.  (1:10-cr-00206-TDS-1)

─────────

Submitted:  July 21, 2011          Decided:  August 11, 2011

─────────

Before MOTZ, KING, and KEENAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Roger Brian Fausnett pled guilty to one count of possession of a firearm by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3) (2006). The district court sentenced Fausnett to twenty-seven months of imprisonment. In this appeal, counsel for Fausnett filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court erred in imposing an unduly harsh sentence. Fausnett did not file a pro se supplemental brief, despite receiving notice of his right to do so. The Government elected not to file an answering brief. We affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. This court presumes a sentence within a properly determined advisory Guidelines range is substantively

reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude Fausnett's sentence is both procedurally and substantively reasonable.  The district court properly calculated Fausnett's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors.  See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  Moreover, the district court based the sentence on its "individualized assessment" of the facts of the case, and clearly stated its reasons for rejecting Fausnett's request for a variance sentence.  See United States v. Lynn, 592 F.3d 572, 584-85 (4th Cir. 2010).  Fausnett has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable.  See United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir. 2010).  Thus, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore deny counsel's motion to withdraw and affirm Fausnett's conviction and sentence.  This court requires that counsel inform Fausnett, in writing, of the right to petition the Supreme Court of the United States for further review.  If Fausnett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew

3

his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fausnett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED